IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET REYNARD,<br><br>            Plaintiff,<br>    v.<br><br>SALUS UNIVERSITY,<br><br>            Defendant. | CIVIL ACTION NO.:<br><br>**COMPLAINT AND**<br>**JURY TRIAL DEMAND** |

## CIVIL ACTION COMPLAINT

Plaintiff Margaret Reynard (hereinafter "Plaintiff") hereby complains as follows against Defendant Salus University (hereinafter "Defendant").

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Defendant of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII").  Plaintiff asserts that she was selected for termination and/or not rehired due to her age and/or in retaliation for her complaint of sex discrimination and/or harassment.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADEA.  This Court has supplemental jurisdiction over the related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff has exhausted all administrative remedies required as a prerequisite to the filing of her instant ADEA and Title VII claims.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth above.

8. Defendant is a corporation that does business in Pennsylvania at the address set forth in the caption.

9. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Plaintiff's was born in December 1956.

12. In or around March 2018, Defendant hired Plaintiff as a Business Office Manager.

13. At time of her hire, Plaintiff was 61 years old.

14. Early in her tenure with Defendant, during a discussion between Plaintiff and her supervisor John Gaal ("Supervisor Gaal") about her department's performance and productivity, Plaintiff informed Supervisor Gaal that things were going smoothly, and that despite the significant workload, the staff were neither angry nor argumentative.

15. In response, Supervisor Gaal stated, "That would be like arguing with your

mother."

16. At the time of Director Gaal's comment, Plaintiff was 62 years old.

17. In or around early 2019, Plaintiff complained to Defendant that the Director of Finance Marvin Ostroff ("Director Ostroff") was demeaning towards Plaintiff and other women in her department.

18. Shortly thereafter, Defendant informed Plaintiff that it intended to lay off Plaintiff's department at the end of the year.

19. Consequently, in or around Spring of 2019, Plaintiff applied for two open positions with Defendant, for which Plaintiff was well-qualified.

20. At the time Plaintiff applied for said positions, Plaintiff was 62 years old.

21. Defendant did not respond to either of Plaintiff's applications.

22. When Plaintiff asked her supervisor Chaitali Baviskar ("Supervisor Baviskar") why Defendant ignored her applications, Supervisor Baviskar told Plaintiff that Defendant knew "the kind of person" it wanted to hire, implying Plaintiff was not it.

23. In or around December of 2019, Defendant informed Plaintiff that she would be laid off sometime in 2020.

24. Defendant then posted a position for a "Healthcare Financial Operations Analyst," which detailed similar requirements and responsibilities as Plaintiff's Business Office Manager position.

25. Plaintiff applied for the Analyst position.

26. In early February 2020, because Defendant had not responded to her application, Plaintiff asked Defendant's Human Resources Manager Maura Keenan ("HR Keenan") about the position and her application.

27. Plaintiff told HR Keenan that Defendant had ignored her applications in Spring of 2019, and was now ignoring her application to the Analyst position.

28. Shortly thereafter, Supervisor Baviskar and Supervisor Gaal met with Plaintiff about the open Analyst position and Plaintiff's application.

29. During the interview, Supervisor Gaal and Supervisor Baviskar discussed changing the requirements of the Analyst position, consequently ensuring that Plaintiff would no longer qualify for the position.

30. Supervisor Gaal told Plaintiff that "the young people deserve a chance."

31. Plaintiff complained to HR Keenan that Defendant was not considering her applications and refusing to rehire her due to her age.

32. Plaintiff further complained that although she was well-qualified for the positions she had applied to, Defendant was passing over her to hire less qualified, younger candidates.

33. At the time of her complaint, Plaintiff was 63 years old.

34. In response, HR Keenan told Plaintiff that Supervisor Baviskar was "not happy" with Plaintiff's interactions with Director Ostroff, who Plaintiff had complained about for his sexist and misogynistic conduct towards Plaintiff and other women in her department.

35. On or about February 18, 2020, Supervisor Baviskar notified Plaintiff that Defendant had hired another candidate for the Analyst position, and that Plaintiff's last day with Defendant would be March 6, 2020.

36. Supervisor Baviskar told Plaintiff that Defendant did not select Plaintiff for the position because Plaintiff did not have experience in accounts receivable.

37. Plaintiff's area of expertise is accounts receivable.

38. The candidate Defendant hired was significantly younger than Plaintiff, and was

less experienced.

39. Plaintiff's last day of work was March 6, 2020.

40. As a result of the foregoing, Plaintiff has suffered damages.

### COUNT I
### Violations of ADEA
### (Age Discrimination)

41. The foregoing paragraphs are incorporated herein as if set forth in full.

42. Defendant acted in a discriminatory fashion when it laid off Plaintiff.

43. Defendant acted in a discriminatory fashion when it refused to rehire Plaintiff.

44. Defendant acted in a discriminatory fashion when it hired younger, less experienced workers than Plaintiff.

45. Plaintiff avers that a motivating and/or determinative factor in Defendant's decision to lay off Plaintiff, and Defendant's refusal to rehire Plaintiff, was her age.

46. The aforesaid actions by Defendant constitute violations of the ADEA.

47. As a result of the foregoing, Plaintiff has suffered damages.

### COUNT II
### Violations of the ADEA
### (Retaliation)

48. The foregoing paragraphs are incorporated herein as if set forth in full.

49. Plaintiff avers that a motivating and/or determinative factor in Defendant's decision to lay off Plaintiff, and Defendant's refusal to rehire Plaintiff, was Plaintiff's complaint of age-based discrimination.

50. The aforesaid actions by Defendant constitute violations of the ADEA.

51. As a result of the foregoing, Plaintiff has suffered damages.

## COUNT III
### Violations of Title VII
### (Sex Discrimination/Harassment)

52. The foregoing paragraphs are incorporated herein as if set forth in full.

53. Defendant subjected Plaintiff to sex discrimination and/or harassment.

54. Defendant failed to remedy the sex discrimination and/or harassment despite having notice of same.

55. The aforesaid actions by Defendant constitute violations of Title VII.

56. As a result of the foregoing, Plaintiff has suffered damages.

## COUNT IV
### Violations of Title VII
### (Retaliation)

57. The foregoing paragraphs are incorporated herein as if set forth in full.

58. Plaintiff complained of sex discrimination and/or harassment.

59. Defendant failed to remedy the sex discrimination and/or harassment despite having notice of same.

60. Plaintiff averts that a motivating and/or determinative factor in Defendant's decision to lay off Plaintiff, and Defendant's refusal to rehire Plaintiff, was Plaintiff's complaint of sex discrimination and/or harassment.

61. The aforesaid actions by Defendant constitute violations of Title VII.

62. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees or prospective employees because of their membership in a group that is protected by the laws and public policy of New Jersey.

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and/or otherwise make

Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings and future lost earnings.

      C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate given Defendant's deliberate, malicious, and outrageous conduct, and to deter Defendant and others from engaging in such misconduct in the future;

      D.      Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law);

      E.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just and appropriate;

      F.      Plaintiff is to be awarded the costs and expenses of this action, prejudgment interest, and reasonable attorney's fees as provided by applicable law;

      G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.

      Respectfully Submitted,

      */s/ Joshua S. Boyette*
      Joshua S. Boyette, Esq.

Date:  February 11, 2021